Argued April 9, decided April 15, 1913.

## HAWXHURST v. MEADOW LAKE LUMBER CO.

(131 Pac. 318.)

### Appeal and Error—Review—Sufficiency of Bills of Exception.

In an action against the Meadow Lake Lumber Company to recover the price of meat sold, a bill of exceptions complaining of the exclusion of evidence to show that such meat was charged to the K. Logging Company by direction of defendant's representative, but not showing whether plaintiff was trying to prove that he delivered the meat to defendant and charged it to the K. Company, or that he delivered and charged it to the K. Company by direction of defendant's representative, or that he offered to prove that he sold or delivered any meat to either corporation, was insufficient under Section 171, L. O. L., requiring bills of exception to state so much of the evidence as is necessary to explain the objection, since it could not be determined whether or not the proposed testimony was relevant.

From Klamath:   HENRY L. BENSON, Judge.

Statement by MR. CHIEF JUSTICE MCBRIDE.

This is an action by J. W. Hawxhurst against the
Meadow Lake Lumber Co., a corporation, to recover the
price of certain meat alleged to have been sold to defend-
ant. The complaint is in the usual form for goods sold
and delivered. The answer denied the sale and delivery
of the meat, and pleaded a counterclaim of $41.95 for
lumber sold and delivered to plaintiff. The reply admitted
that the defendant had furnished lumber to the value of
$30, and no more, and alleged that such sum had been
credited on defendant's account. The following is sub-
stantially the whole bill of exceptions, except as to the
charge of the court, to which no exception was taken
on the trial:

"You may state when, if at any time, he came in there,
and said to make a different charge or anything of that
kind, and how that came about? To which question the
defendant, by its counsel, objected to as incompetent, and
not responsive to any issue in the pleadings, and on the
further ground unless it appears it was in writing, and
further that there is not an allegation in the pleadings
that this meat was sold to anybody. * * Thereafter, the
plaintiff, by his counsel, asked the witness the following
question:

" 'Q. When was it, Mr. Hawxhurst, that Mr. Higgins
came to your place of business, or into your place of
business, at which time he stated to you for you in the
future to make the charges to the logging company?'

"To which question defendant by its counsel objected
to as incompetent, irrelevant, and immaterial on the
grounds urged in the previous objection, unless it appears
that any authority of this nature was made in writing
on behalf of the defendant corporation, which objection
was sustained by the court, to which ruling the plain-
tiff's counsel excepted. And thereafter in the progress
of said trial was asked the following:

" 'Q. I will ask you whether or not you sold any meat

on and after this time through the instructions of Mr. Higgins or not?

" 'A. Yes; by Mr. Stone.'

"Objected to as incompetent, and moved to strike his answer out.

"By the Court: 'That question goes to sales that were charged other than to the Long Lake Lumber Company.'

"By Mr. Irwin: 'Yes, sir; that appears upon their books.'

"By the Court: 'The objection will be sustained.'

"To which an objection (exception) was taken by the plaintiff's counsel. Thereafter the plaintiff, by his counsel, asked the same witness the following question:

" 'Q. I will ask you to state whether or not you made a sale or sales of any beef which upon your books were charged to any one other than the Meadow Lake Lumber Company?'

" 'A. Yes, sir.'

"To which question and answer the defendant, by its counsel, objected and moved to strike the answer out on the ground that it was incompetent and immaterial; which objection was sustained, and to which ruling plaintiff's counsel took an exception, which was allowed by the court. Thereafter plaintiff, by his counsel, asked the plaintiff the following question:

" 'Q. I will ask you to state to the court and jury such amounts as were charged to other than the Meadow Lake Lumber Company, or the aggregate of the sales, if you know?'

"To which the defendant, by its attorney, objected for the reason that the question was immaterial, incompetent, and irrelevant, which objection was sustained by the court, to which ruling plaintiff, by his attorney, excepted, which was allowed by the court.

"Offer of Proof. And thereafter in the progress of the trial, plaintiff, J. W. Hawxhurst, by his attorney, made the following offer of proof:

" 'That the witness J. W. Hawxhurst, who is the plaintiff in this case, will testify, if permitted by the court, that on or about May 7, 1910, that Mr. Higgins, who at

that time was representing the Meadow Lake Lumber Company, came into Mr. Hawxhurst's place of business and stated to Mr. Hawxhurst that he should charge the rest of the meat to the Klamath Falls Timber & Logging Company, and immediately withdrew; that he did not make any explanation to Mr. Hawxhurst any further than made in that statement; that Mr. Hawxhurst did not know anything in regard to such company as the Klamath Falls Timber & Logging Company; that he presumed the Klamath Falls Timber & Logging Company was an adjunct of the Meadow Lake Lumber Company; that so far as the question of his charges in the matter was concerned, it was simply a matter of convenience to the Meadow Lake Lumber Company; and that it was not his intention at any time to waive the credit which was extended to the Meadow Lake Lumber Company, and thereby accept in lieu thereof—extend credit to the logging company. That at a date at some later time, on or about July 12, 1910, the witness Higgins, who at that time was acting in a representative capacity, representing the Meadow Lake Lumber Company, came into his place of business, and in the presence of J. W. Hawxhurst and his son George, says: "They have attached the pump; keep your hands off, and you will get your money." That the said J. W. Hawxhurst, relying upon the representations of Mr. Higgins, and relying upon the fact that they would get their money, understanding that the attachment was against the Meadow Lake Lumber Company, and the Meadow Lake Lumber Company being the only person to whom credit was extended, forbore to proceed in the matter, and did not attach, or take any further proceedings in regard to the recovery of the amount that he claimed due at that time.'

"And thereafter, on re-direct examination, plaintiff, by his counsel, was asked the following question:

" 'Q.   Now, Mr. Hawxhurst, how does it come that you have the sum of $332.83 charged to the Klamath Falls Timber & Logging Company, under what circumstances was that done?'

" 'A.   That was done at the instance of Mr. Higgins requesting me to change the account on our books.'

"By Mr. Stone:   'Objected to as incompetent.'

"Counsel comes in and asks why he did that, and unless

he can show there was some obligation on the part of the Meadow Lake Company to become responsible, you cannot bind them; therefore it is incompetent. Which objection was sustained by the court, and to which ruling plaintiff, by his counsel, took an exception. And thereafter plaintiff, by his counsel, was asked the following question:

" 'Q. In other words, you were looking to the Meadow Lake Lumber Company for that pay right along, were you not?'

"To which question defendant, by its counsel, objected to as incompetent, irrelevant, and immaterial, with reference to the account as charged to the Klamath Falls Timber & Logging Company, which objection was sustained by the court, to which ruling plaintiff, by his counsel, took an exception."  ·          AFFIRMED.

For appellant submitted on brief over the name of *Mr. John Irwin,* without argument.

For respondent there was a brief over the names of *Messrs. Stone & Barrett,* with an oral argument by *Mr. C. F. Stone.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

Section 171, L. O. L., relating to the preparation of a bill of exceptions, requires that the objection shall be stated with so much of the evidence as is necessary to explain it. That has not been done in this case. Whether plaintiff was trying to show that he had delivered the meat to defendant, and had charged it to the Klamath Falls Timber & Logging Company, or whether his claim was that he had delivered to the Klamath Falls Timber & Logging Company and charged it to them on the suggestion of defendant's representative, does not appear. His offer of proof, which is not preceded by any question to which it applies, is equally indefinite. There is no offer to prove that at any time he sold or delivered any meat at any price to either corporation. Neither the

questions asked nor the offer made shows the relevancy of the proposed testimony.

In the absence of the whole testimony taken at the trial we are unable to say that the testimony offered was relevant, and therefore the judgment is affirmed.

AFFIRMED.